```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| D.O. and M.O., on behalf of C.O., a minor child, M.W. and G.W., on behalf of C.W., a minor child, and J.G. individually, | |
| Plaintiffs, | Civil Action No. 10-cv-2339 (NLH)(AMD) |
| v. | **MEMORANDUM OPINION AND ORDER** |
| EDWARD F. BORDEN, JR., HADDONFIELD POLICE DEPARTMENT, and BOROUGH OF HADDONFIELD, | |
| Defendants. | |

**APPEARANCES**:
Hercules Pappas, Esquire
Matthew S. Wolf, Esquire
Pappas & Wolf, L.L.C.
423 White Horse Pike
Haddon Heights, NJ 08035
     *On behalf of plaintiffs*

John Charles Gillespie, Esquire
Parker McCay, P.A.
Three Greentree Center
7001 Lincoln Drive West
P.O. Box 974
Marlton, N.J. 08053
     and
Mario A. Iavicoli, Esquire
43 Kings Highway West
Haddonfield, N.J. 08033
     *On behalf of defendants*

**HILLMAN, District Judge**

     This matter having come before the Court on plaintiffs' motion for partial summary judgment in their favor on their claim that defendant, the Borough of Haddonfield, violated their equal

protection rights under the federal and New Jersey constitutions; and

As explained in depth in prior Opinions, plaintiffs, D.O and M.O., and M.W. and G.W., on behalf of their minor children, C.O. and C.W., respectively, and J.G., individually, having filed a putative class action suit[1] against defendants, Edward J. Borden, Jr., a Commissioner and the Public Safety Director of the Borough of Haddonfield, and the Borough of Haddonfield, claiming that defendants violated their equal protection and due process rights under the federal and state constitutions, by disregarding Attorney General Law Enforcement Directive 2008-2, and its predecessor, Law Enforcement Directive 2005-4 (individually or collectively, "the AG's Directive"), which promulgates "Guidelines for Stationhouse Adjustment of Juvenile Delinquency Offenses"; and

Plaintiffs claiming that when J.G., C.O., and C.W. were charged with minor alcohol-related offenses while they were juveniles, defendants had no discretion to not implement the AG's Directive of a stationhouse adjustment, which was to provide law enforcement agencies with an alternative method to punish and

---

[1] Plaintiffs have set forth federal constitutional claims pursuant to 42 U.S.C. § 1983, as well as state constitutional claims under the Constitution of the State of New Jersey. This Court has jurisdiction over Plaintiffs' federal claims under 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over their state law claims under 28 U.S.C. § 1367.

2

discipline first-time juvenile offenders, while averting the more severe consequences and ramifications of the juvenile justice system; and

Plaintiffs further claiming that by categorically rejecting any stationhouse adjustments for minor alcohol-related offenses, defendants patently disregarded the AG's Directive, thereby infringing upon plaintiffs' constitutional rights; and

Plaintiffs now moving for summary judgment on one of their claims against one defendant--their equal protection claim against the Borough of Haddonfield;[2] and

Plaintiffs arguing that no disputed facts exist that the Borough intentionally and without a rational basis treated plaintiffs differently from other similar first-time juvenile offenders by failing to provide them with a stationhouse adjustment that was mandated by the AG's Directive, which has the force of law;[3] and

---

[2]Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).

[3]Plaintiffs are pursuing a "class of one" equal protection claim. See Phillips v. County of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008) ("[T]o state a claim for 'class of one' equal protection, a plaintiff must at a minimum allege that he was intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such

3

The Borough having opposed plaintiffs' motion, arguing that it is premature because the case is the heart of the discovery phase, and extensive discovery still needs to be conducted prior to any substantive resolution of plaintiffs' claims; and

The Court noting that Federal Civil Procedure Rule 56(d) provides, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."; and

The Court having considered the parties' submissions; and

The Court noting that the discovery period does not end until September 28, 2012; and

The Court recognizing that this issue was addressed in its prior Opinion resolving defendants' motion to dismiss:

> In any subsequent motions presented to it, the Court may address the issue of Defendants' alleged breach of the AG's Directive.  At that time, the parties may discuss whether that matter requires a factual determination by the fact-finder, as suggested by Plaintiffs, or is simply a matter of law that the Court can resolve on its own accord.  Further, discovery may enable the parties to uncover any other documentation, testimony, or information that may assist the Court in deciphering the proper scope and import of the AG's Directive.  The Court believes it is best to address those issues with greater guidance from the parties and after some discovery has been permitted.

---

treatment.").

(March 31, 2011 Opinion, at 14-15); and

The Court finding that the discovery process should be concluded prior to the consideration of plaintiffs' summary judgment motion on its equal protection claim, particularly considering that plaintiffs' other claims against the Borough and defendant Borden, for which plaintiffs are not seeking summary judgment at this time, are significantly intertwined with plaintiffs' equal protection claim against the Borough, and because plaintiffs are seeking to certify a class action at to all their claims;

Accordingly,

**IT IS HEREBY** on this ___24th___ day of_September___, 2012

**ORDERED** that plaintiffs' motion for summary judgment on their equal protection claim against defendant Borough of Haddonfield [45] is **DENIED WITHOUT PREJUDICE.**


At Camden, New Jersey
    s/ Noel L. Hillman    
NOEL L. HILLMAN, U.S.D.J.